IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case Nos.   CV-05-319-S-BLW |
| ) | CR-97-103-S-BLW |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| FRANCISCO JIMINEZ-RECIO, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1).[1] Also pending before the Court is defense counsel's Motion to Withdraw as Counsel and for Appointment of Substitute Counsel (Docket No. 242).

Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this

---

[1] Docket references pertaining to the § 2255 proceeding will be to Case No. CV-05-319-S-BLW. All other docket references will be to the underlying criminal action in Case No. CR-97-103-S-BLW.

**Memorandum Decision and Order - 1**

matter on the written motions, briefs and record without oral argument.  D. Id. L. R. 7.1(b).  Accordingly, the Court enters the following Order.

## BACKGROUND

On March 23, 1998, following a jury trial, Defendant, co-Defendant Sotelo, and co-Defendant Lopez were convicted of one count of conspiracy to distribute and one count of possession with intent to distribute cocaine and marijuana.[2] *Verdict* (Docket No. 98).  All three Defendants filed motions for judgment of acquittal.  The Court subsequently denied co-Defendant Sotelo's motion.  Docket No. 119.  However, the Court treated Defendant Jiminez-Recio's and co-Defendant Lopez's motions as motions for a new trial and granted them.  Docket No. 130.  The Court ordered a retrial because the jury had not been instructed that it had to find that Defendants became members of the conspiracy prior to seizure of the drugs as required by the then-recent Ninth Circuit authority set forth in *United States v. Cruz,* 127 F.3d 791 (9th Cir. 1997).[3]  Following the second trial, Defendant and co-Defendant Lopez were again convicted of the conspiracy charge.  *Verdict* (Docket No. 167).  On April 19, 1999, the Court sentenced Defendant

---

[2] Co-Defendant Arce had pled guilty prior to trial.  (Docket Nos. 75 and 76).

[3] Defendant's Motion for Judgment of Acquittal addressed the conspiracy charge only.  Co-Defendant Lopez's Motion for Judgment of Acquittal addressed both the conspiracy and the possession charges.  To avoid confusing the jury, the Government dismissed the possession charge against Co-Defendant Lopez without prejudice.  (Docket No. 173).

**Memorandum Decision and Order - 2**

to126 months of imprisonment on each of the conspiracy and possession counts to run concurrently. (Docket No. 178). On the same day, the Court sentenced co-Defendant Lopez to 132 months of imprisonment solely on the conspiracy count. (Docket No. 179).

Following appeal of their convictions, the Ninth Circuit reversed the conspiracy convictions for insufficiency of the evidence regarding pre-seizure involvement under *Cruz*, and the possession conviction against Defendant for ineffective assistance of counsel for failure of trial counsel to timely move for judgment of acquittal on that charge. The Supreme Court granted certiorari, reversed, abrogated *Cruz,* and remanded to the Ninth Circuit for further proceedings.

The Ninth Circuit again reversed the conspiracy convictions and remanded for a third trial. However, it also reversed its previous finding of ineffective assistance of counsel and allowed the possession count against Defendant to stand. Although the Ninth Circuit judgment was filed on June 14, 2004, a copy was not entered in the district court docket until April 30, 2005. (Docket No. 232). The Government then moved to dismiss the conspiracy count because so much time had elapsed during the appeals. Docket No. 234. On June 7 and June 17, 2005, respectively, this Court granted the Motion to Dismiss and ordered that

**Memorandum Decision and Order - 3**

Defendant's Judgment be amended to reflect dismissal of the conspiracy charge. (Docket Nos. 235 and 236). Because the Government had dismissed the possession count against Co-Defendant Lopez and not refiled it, he was released from custody shortly thereafter because there were no other counts of conviction against him. However, Defendant's conviction and sentence for the possession charge imposed on April 19, 1999 still stands.

On August 8, 2005, Defendant, through counsel, filed the pending § 2255 Motion. Defendant essentially argues that because the conspiracy charge was dismissed, his sentence should at least be at the low end of the guideline range of 121-151 months and possibly even lower given the post-sentencing changes in the law affecting the application of the guidelines. Defendant also may have been obliquely raising an ineffective assistance of counsel claim based on first trial counsel's failure to file post-trial challenges to the possession count. The Government filed a timely response . (Docket No. 3). Defense counsel subsequently filed the pending motion to withdraw.

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his

**Memorandum Decision and Order - 4**

or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by the Government, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a

**Memorandum Decision and Order - 5**

determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). However, where, assuming the truth of the specific factual allegations when viewed against the record, movant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116 (2003). The Court is not obligated to appoint counsel in a § 2255 proceeding unless it determines that an evidentiary hearing is required. Rule 8 of the Rules Governing Section 2255 Proceedings.

**B.   Discussion**

Defendant's sole ground for challenging the length of his sentence is a belief that it "should be" shorter based on dismissal of the conspiracy charge. Defendant offers no legal or guideline justification for a lower sentence and the Court can find none. He merely states that Defendant is "technically" serving a sentence for a count that has been dismissed and that "possibly" post-sentencing facts and changes in the law regarding applications of the guidelines "could potentially" affect Defendant if sentenced solely on the possession charge. § 2255 Motion, p.3.

A review of the record indicates that Defendant was sentenced to 126

months on each of the two original counts of conviction to be served concurrently. The drug quantity on which the base offense level was calculated was based entirely on the amount of drugs in his possession at the time of his arrest. There were no special offense characteristics, enhancements, or adjustments in the total offense level calculation. Defendant had not raised any objections to the Presentence Report from which the Court can infer possible grounds for a different sentence. He was sentenced based on an offense level of 32 with a criminal history category of I. The Court has verified with the Probation Department that the offense level based on the possession count alone is still 32 with a range of 121 to 151months. The sentence imposed of 126 months is clearly within and towards the bottom of that range.[4]

To the extent that Defendant may be raising an ineffective assistance of counsel claim, the Court dismisses that claim. The Ninth Circuit disposed of the claim of ineffectiveness for failure to file a motion for judgment of acquittal on the possession charge and stated that Defendant should raise any other ineffective assistance of counsel claims in a § 2255 proceeding. *See United States v. Recio*, 371 F.3d 1093, 1109 (9th Cir. 2004). Defendant has not done so.

---

[4] According to the Bureau of Prisons, if Defendant earns all of his good time credits, his release date will be January 12, 2007.

**Memorandum Decision and Order - 7**

## CONCLUSION

The Court denies Defendant's § 2255 Motion on the grounds that it plainly appears from the motion, the response, and the record of prior proceedings that Defendant is not entitled to relief.  Further, although for all intents and purposes it is moot, the Court will grant defense counsel's Motion to Withdraw.  However, because of its ruling and because there is no constitutional right to counsel for a collateral attack on a conviction, the Court will not appoint substitute counsel.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that defense counsel's Motion to Withdraw and for Appointment of Substitute Counsel (Docket No. 242 in Case No. CR-97-108-S-BLW) is GRANTED in part and MOOT in part.  Defense counsel shall be permitted to withdraw, but substitute counsel shall not be

appointed.



DATED: **March 31, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 9**